**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JENNIFER PESSAGNO,**

                          **Plaintiff,**

    **vs.**                                               **3:12-cv-319
                                                                   (MAD/DEP)**

**CAROLYN W. COLVIN,** *Acting Commissioner of
Social Security, in place of Michael Astrue*,

                          **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**LACHMAN & GORTON**                   **PETER A. GORTON, ESQ.**
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **AMANDA J. LOCKSHIN, ESQ.**
Office of the General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

In June of 2009, Plaintiff filed applications for Supplemental Security Income ("SSI") payments and for Disability Insurance Benefits ("DIB"), alleging that she has been disabled since January 1, 2009. On September 17, 2010, the ALJ concluded that Plaintiff was not disabled at the relevant times and, therefore, did not qualify for the benefits requested. *See* Dkt. No. 8-2 at 36-52. On January 26, 2012, the ALJ's opinion became a final determination of the agency, when the Social Security Administration Appeals Council denied Plaintiff's request for review of that decision. *See id.* at 26-28.

On February 23, 2012, Plaintiff commenced this action. *See* Dkt. No. 1. Plaintiff alleges that, although the ALJ properly credited the findings of her treating pain specialist concerning her exertional limitations, when assessing her ability to perform work-related functions he overlooked the physician's conclusions that, due to her pain, she would be moderately limited in concentration and the ability to sustain an appropriate work pace. *See* Dkt. No. 12 at 1. Plaintiff argues that her limitations significantly reduce the range of jobs she is capable of performing, and that it was therefore inappropriate for the ALJ to rely upon the medical vocational guidelines ("GRIDS") to determine the issue of disability instead of eliciting the opinions of a vocational expert concerning her ability to perform available work.

In a Report and Recommendation dated July 30, 2013, Magistrate Judge Peebles concluded "that the ALJ's failure either to reject the portion of the treating physician's medical source statement regarding the effects of her pain upon plaintiff's ability to concentrate and work at an appropriate pace, and properly to explain his rationale for doing so, or to include the limitations in his residual functional capacity ("RFC") finding, constituted error and calls into question his use of the grids to determine the issue of disability." *See* Dkt. No. 15 at 3. As such, Magistrate Judge Peebles recommended that the Court vacate the Commissioner's decision and that the matter be remanded to the agency for further consideration. *See id.* Neither party objected to Magistrate Judge Peebles Report and Recommendation.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge ("ALJ") makes the actual

disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Peebles' Report and Recommendation, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Peebles correctly determined that the ALJ's failure to factor the treating physician's opinions regarding Plaintiff's non-exertional limitations into his RFC findings and either explain why they do not erode the job base upon which the GRIDS are predicated or support the GRIDS results with the testimony of a vocational expert undermines the Commissioner's determination of no disability. As such, the Court finds that Magistrate Judge Peebles correctly determined that this matter should be remanded to the agency for further consideration of Plaintiff's treating physician's medical assessment in its totality and how, if at all, the non-exertional limitations expressed by the physician affect resort to the GRIDS to determine disability at step five of the sequential analysis.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' July 30, 2013 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[1] for further proceedings consistent with Magistrate Judge Peebles' Report and Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: September 3, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).